```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------x
                                    :
MILADYS MORALES,                    :
                                    :
                  Plaintiff,        :       10 Civ. 8773
                                    :       (BSJ)(KNF)
         v.                         :
                                    :       Opinion and Order
MICHAEL J. ASTRUE, Commissioner of  :
Social Security,                    :
                                    :
                  Defendant.        :
                                    :
------------------------------------x
```

**BARBARA S. JONES**
**UNITED STATES DISTRICT JUDGE**

Plaintiff Miladys Morales brought this action against Defendant Michael J. Astrue, in his capacity as Commissioner of Social Security ("Commissioner"), seeking judicial review of the Commissioner's final determination that she was not disabled under section 1614(a)(3)(A) of the Social Security Act ("SSA"), 42 U.S.C. §§ 1381-1383f.  Before the Court are the parties' cross-motions for judgment on the pleadings.

On January 17, 2012, Judge Fox issued a Report and Recommendation ("Report") recommending that this Court deny both motions and remand this action to the Commissioner for further proceedings.  The Commissioner has made two objections to the Report's findings: (1) that the ALJ's failure to provide a function-by-function analysis of Morales' residual functional capacity constitutes reversible error, and (2) that the ALJ's

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 10/09/20__

erroneous reliance on testimony of the vocational expert that was inconsistent with SSA policy also compels remand of this case to the Commissioner. For the reasons stated below, the Court adopts the Report in full, denying the cross-motions for judgment on the pleadings, and remands this case to the Commissioner for further proceedings.

## I. Procedural Background[1]

Morales filed an application for Supplemental Security Income ("SSI") benefits on December 17, 2007, and it was denied. Subsequently, a hearing before an ALJ was conducted on March 12, 2009. The ALJ found on April 7, 2009, that Morales was not disabled. On September 9, 2010, Morales's request for review of the ALJ's decision was denied by the Appeals Council, which converted the ALJ's decision to a final decision of the Commissioner. Morales commenced this action for judicial review of the final decision on November 15, 2010.

The Commissioner moved for judgment on the pleadings on July 1, 2011. Morales cross-moved for judgment on the pleadings on October 13, 2011. Judge Fox issued his Report on January 17, 2012. The Commissioner filed objections to the Report on March 9, 2012, and Plaintiff responded on March 22, 2012.

## II. Discussion

---

[1] The Court assumes familiarity with the Report, which sets forth the factual background and medical evidence in great detail. The administrative record (hereinafter, "R.") includes Plaintiff's medical records as well as a transcript of the March 12, 2009, hearing before the ALJ.

2

### A. Applicable Legal Principles

The Court reviews de novo any portions of a Report and Recommendation to which there are specific written objections. See Andino v. Fischer, 698 F. Supp. 2d 362, 368 (S.D.N.Y. 2010) (citations omitted). The Court adopts portions to which a party has not specifically objected unless those portions are clearly erroneous or contrary to law. See id. (citations omitted).

A district court may set aside a determination by the Commissioner that a claimant is not disabled "only if the factual findings are not supported by substantial evidence or if the decision is based on legal error." Shaw v. Chater, 221 F.3d 126, 131 (2d Cir. 2000) (internal quotation marks and citations omitted). "Failure to apply the correct legal standard constitutes reversible error, including, in certain circumstances, failure to adhere to the applicable regulations." Kohler v. Astrue, 546 F.3d 260, 265 (2d Cir. 2008) (internal citations omitted).

Under Title XVI of the SSA, "[e]ach aged, blind, or disabled individual who does not have an eligible spouse" and whose income and resources fall below a certain threshold shall be eligible for disability benefits. 42 U.S.C. § 1382(a). An individual applying for such benefits must establish that she is unable "to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment

3

which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months." 42 U.S.C. § 1382c(a)(3)(A). SSA regulations outline a five-step process for determining disability claims. See 20 C.F.R. § 416.920(a)(4).

### B. Function-by-Function Analysis

Step four of the process requires the ALJ to determine the claimant's residual functional capacity ("RFC"). 20 C.F.R. § 416.902(a)(4)(iv). Pursuant to a social security policy interpretation ruling, the RFC "assessment must first identify the individual's functional limitations or restrictions and assess his or her work-related abilities on a function-by-function basis, including the functions in paragraphs (b), (c), and (d) of 20 CFR 404.1545 and 416.945. Only after that may RFC be expressed in terms of the exertional levels of work, sedentary, light, medium, heavy, and very heavy." SSR 96-8p, 1996 WL 374184, *1 (Jul. 2, 1996). The Commissioner objects to Judge Fox's finding that the ALJ did not fulfill his duty with respect to the function-by-function analysis required to make an RFC determination. Having reviewed the ALJ's step four analysis de novo, the Court agrees with Judge Fox's decision.

Most critical to the ALJ's failure was the absence of any discussion of how Morales's physical limitations affected her ability to work on a function-by-function basis. The ALJ began

4

his analysis with the conclusion that Morales's RFC allowed her "to perform light exertional work which does not require the ability to carry out complex or detailed instructions and does not require the ability to work with the public." (R. 28.) He then listed Morales's capacity to perform certain functions, concluding that Morales could "occasionally lift and carry up to twenty pounds at a time, [could] frequently lift and carry up to ten pounds at a time, [could] walk and stand up to six hours out of an eight hour day, [could] push and pull weighted objects, and [could] occasionally bend and stoop." (Id.) The ALJ included no discussion about how Morales's limitations affected her ability to do work.

Additionally, excluding his statements regarding Morales's ability to walk and stand, none of the ALJ's statements about Morales's functional abilities included a discussion of the maximum number of hours Morales could perform them over the course of a five-day work week consisting of eight-hour work days, as is required by SSR 96-8p, 1996 WL 374184 (Jul. 2, 1996). (R. 28.)

The Commissioner cites two cases from this District to support his argument that something slightly less than a complete function-by-function analysis is sufficient and does not warrant remand. (Def.'s Objections, Mar. 9, 2012, 5-7.) However, both Novak v. Astrue and Casino-Ortiz v. Astrue are

5

distinguishable from this case because in each of them, the ALJ explicitly discussed the evidence presented in conjunction with each of the claimant's physical limitations and was then able to draw conclusions about the claimant's abilities from that evidence. See 07 Civ. 8435 (SAS), 2008 WL 2882638 (S.D.N.Y. July 25, 2008); 06 Civ. 0155 (DAB), 2007 WL 2745704 (S.D.N.Y. Sep. 21, 2007). Here, it was precisely the ALJ's failure to provide such an analysis of the evidence that renders the Commissioner's decision legally deficient.

The Court agrees with Judge Fox's finding that the ALJ's failure to assess fully Morales's work-related abilities on a function-by-function basis constitutes legal error compelling remand of this case to the Commissioner for further proceedings.[2]

C.  **Reliance on the Vocational Expert's Testimony**

The Commissioner also objects to Judge Fox's finding that the ALJ relied erroneously on testimony by a vocational expert ("VE") regarding the availability of other work in the national economy which Morales could perform.

Pursuant to SSR 00-4p, "SSA adjudicators may not rely on evidence provided by a VE, VS, or other reliable source of

---

[2] Judge Fox noted that, although an argument might be made for harmless error in this case, the Commissioner made no such argument. Accordingly, the Court agrees with Judge Fox's finding of reversible error, as it is neither clearly erroneous nor contrary to law. Andino, 698 F. Supp. 2d at 368. Moreover, as discussed infra, the ALJ relied erroneously on testimony by the vocational expert ("VE") that conflicted with SSA policies, and remand is warranted on that mistake alone.

6

occupational information if that evidence is based on underlying assumptions or definitions that are inconsistent with our regulatory policies or definitions." 2000 WL 1898704, *2 (Dec. 4, 2000). Here, the VE testified that a hypothetical worker of Morales' age, education, work experience, and residual functional capacity who lacked the ability to maintain concentration and attention for more than 30 minutes could perform work in the national economy. (R. 50.) That testimony conflicts directly with an SSA policy that to be qualified to perform any job, an individual must be able "to maintain concentration and attention for extended periods (the approximately 2-hour segments between arrival and first break, lunch, second break, and departure." (Report at 31 (quoting Program Operations Manual System DI 25020.010).) Although required to attempt to resolve such a conflict, the ALJ did not endeavor to do so. See SSR 00-4p, 2000 WL 1898704, *3-4.

In an attempt to minimize the significance of this inconsistency, the Commissioner argues that the ALJ did not make a finding regarding Morales's attention span and that therefore the ALJ did not rely on any testimony on that point. (Def.'s Objections at 8.) The Court is not persuaded.

Consideration of a claimant's attention span is a factor in determining her RFC. (R. 209-10 (SSA form listing "Sustained Concentration and Persistence" as one element in mental RFC

7

assessment). Here, the ALJ described the VE's testimony that a hypothetical worker of Morales's age, education, work experience, and RFC could perform work in the national economy. (R. 32-33.) He then clearly stated that he relied on that testimony in concluding that Morales was "capable of making a successful adjustment to other work that exists in significant numbers in the national economy." (R. 33.) The Court agrees with Judge Fox that the ALJ erroneously relied on testimony by the VE that was contrary to SSA policy and that remand on this issue is warranted.[3]

## Conclusion

For the foregoing reasons, the Court adopts the Report in full, and overrules the Commissioner's objections. The parties' cross-motions for judgment on the pleadings are DENIED, and this case is REMANDED to the Commissioner for further proceedings. The Clerk of the Court is directed to close this case.

SO ORDERED:

---

[3] During the hearing, the ALJ asked the VE what the impact would be on the availability of work for a person who could not maintain attention or concentration for more than 30 minutes. (R. 50.) The VE responded that "[t]hey could do the work I identified or any work in the national or regional economy." (Id.) The Commissioner suggests that either the VE misspoke or the transcript is inaccurate, and that the VE must have intended to say that such an individual could not perform the jobs the VE had just listed. (Def.'s Objections at 8.) However logical this inference may be, the Court will not disturb the record.

8

_____
BARBARA S. JONES
UNITED STATES DISTRICT JUDGE


Dated:   New York, New York
         October 8, 2012

9