UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
MILADYS MORALES,                                    :

            Plaintiff,                           :

            v.                                   :     **MEMORANDUM AND ORDER**

COMMISSIONER OF SOCIAL SECURITY,   :
                                                     10-CV-8773 (GBD)(KNF)
            Defendant.                          :
------------------------------------------------------------X
KEVIN NATHANIEL FOX
UNITED STATES MAGISTRATE JUDGE

      Before the Court is the plaintiff's motion for an order pursuant to the Equal Access to Justice Act ("EAJA"), 28 U.S.C.§ 2412, awarding costs and attorney fees in this action. The respondent opposes the requested fees.

## PLAINTIFF'S CONTENTIONS

      On October 9, 2012, the assigned district judge adopted the report and recommendation by the undersigned, finding that the administrative law judge ("ALJ") had failed to discuss how plaintiff's limitations affected her ability to work on a function-by-function basis, the vocational expert's testimony conflicted directly with a Social Security Administration policy, and although the ALJ was required to attempt to resolve such a conflict, the ALJ failed to do so. On December 23, 2012, the court entered an order directing the Clerk of Court to close the case without prejudice to reopening it in the event additional proceedings are warranted. The plaintiff asserts that the February 4, 2013 fee application is timely because a final order of judgment has not yet been entered in this case, and the plaintiff is a prevailing party because

> even though the court's remand order does not specifically state that it is pursuant to the fourth sentence of 42 U.S.C. 405(g), it can be inferred that it is pursuant to the fourth sentence of 42 U.S.C. 405(g) because there was reversal of defendant's decision that the ALJ had properly discussed how plaintiff's physical limitations

1

affected her ability to work on a function-by-function basis, and reversal of defendant's decision that the ALJ had properly relied on the vocational expert's testimony.

According to the plaintiff, the respondent's position was not substantially justified because the underlying agency action was not justified, since the court found that the ALJ's decision contained errors of law and remand was also warranted because the ALJ relied erroneously on testimony by the vocational expert that was contrary to Social Security Administration policy.

In support of the fee request, the plaintiff's attorney, Montel A. Cherry ("Cherry"), provided a declaration, including a statement of contemporaneously maintained hours. The plaintiff does not seek reimbursement for costs associated with this action, and the hourly rate requested is consistent with the statutory rates in this circuit to accommodate inflation. The hourly rate is calculated using an enhancement for the time expended on this case based on the average for the years 2011 and 2012. Cherry graduated from CUNY School of Law in 1999 and has been a staff attorney at Manhattan Legal Services. Cherry is a disability law specialist and has represented numerous claimants in administrative proceedings. Tanya Douglas ("Douglas") is the Director of the Disability Advocacy Project at Manhattan Legal Services and is Cherry's supervising attorney. Douglas graduated from Cornell Law School in 1989 and has been a public-interest attorney her entire legal career, representing Social Security claimants since 1989. Cherry's and Douglas's requested hourly rates are $185.97 for legal services performed in 2011, and $189.56 for legal services performed in 2012. The plaintiff's counsel expended 5 hours reviewing the case, 27.7 hours writing three drafts of a 25-page memorandum of law, 1.5 hours filing the notice of cross-motion and the memorandum of law, 7.1 hours reviewing the respondent's objections to the report and recommendation and 9 hours drafting a response to the objections and filing it. The supervising attorney expended 24.5 hours reviewing the 467-page

transcript and editing drafts of the memorandum of law. Counsel also spent 4.8 hours preparing the fee motion. The total number of hours for which fees are sought is 73.6. The plaintiff seeks $13,758 in fees.

## RESPONDENT'S CONTENTIONS

The respondent asserts that the fee request is excessive because "district courts within this circuit have frequently held that 20 to 40 hours reflects a reasonable expenditure of time in an average Social Security disability case." According to the respondent, counsel's time records reveal that the case was over-staffed with two attorneys and an excessive number of hours were expended. The administrative record, consisting of 479 pages, was average, and the two briefs were not lengthy and involved no complex or novel issues. The respondent contends that the number of hours allocated for the fee award should be limited to 35, and that counsel be compensated at an average hourly rate of $187.75, for a total award of no more than $6,571.25.

## PLAINTIFF'S REPLY

The plaintiff asserts that neither this case nor any other case handled by her counsel is considered routine, as each represents novel facts and circumstances specific to the situation and is treated uniquely. The plaintiff's record was fact-specific, spanned over several years and included many handwritten treatment notes which required careful deciphering by counsel. The plaintiff's approach to analyzing the record carefully to identify the errors was successful. Moreover, "it has been well established that 73.6 hours is solidly within the realm of acceptable attorney's fees for a disability action in federal court." The plaintiff asserts that it is the office policy of her counsel that a supervisor reviews all transcripts and briefs, to provide appropriate written edits. Furthermore, courts have declined to find that a case is over-staffed when a supervisory and a subordinate attorney handle it.

## LEGAL STANDARD

> Except as otherwise specifically provided by statute, a court shall award to a prevailing party other than the United States fees and other expenses, in addition to any costs awarded pursuant to subsection (a), incurred by that party in any civil action (other than cases sounding in tort), including proceedings for judicial review of agency action, brought by or against the United States in any court having jurisdiction of that action, unless the court finds that the position of the United States was substantially justified or that special circumstances make an award unjust.
>
> 28 U.S.C. § 2412(d)(1)(A).

For the purposes of the EAJA, "fees and other expenses" include "reasonable attorney fees" and "attorney fees shall not be awarded in excess of $125 per hour unless the court determines that an increase in the cost of living or a special factor, such as the limited availability of qualified attorneys for the proceedings involved, justifies a higher fee." 28 U.S.C. § 2412(d)(2)(A).

## APPLICATION OF LEGAL STANDARD

The respondent does not assert that the application is not timely, the plaintiff is not a prevailing party or that the respondent's position was substantially justified. The respondent only challenges the hours expended as excessive and urges that counsel should be compensated at the average hourly rate of $187.75.

The respondent's conclusory assertion that counsel should be compensated at an average hourly rate of $187.75 is rejected as baseless, as it is not supported by citation to any authority. The respondent contends that the hours claimed by the plaintiff are excessive, urging the Court to limit the attorney hours to 35 because "district courts within this circuit have frequently held that 20 to 40 hours reflects a reasonable expenditure of time in an average Social Security disability case." The Court rejects the defendant's invitation to limit the hours to 35 on the ground that "district courts within this circuit have frequently held that 20 to 40 hours reflects a reasonable

expenditure of time in an average Social Security disability case." The suggested "20-40 hours" benchmark was based on the first set of cases decided under the EAJA. See Perez v. Heckler, No. 82 CIV. 8627, 1984 WL 62847, at *3 (S.D.N.Y. Mar. 1, 1984) (finding excessive hours under the EAJA by comparing them to those claimed in similar cases that were determined in 1982 and 1983). That district courts have ruled a certain way for decades, without more, is not sufficient to conclude that the hours expended by the plaintiff's counsel are excessive. See Bowers v. Hardwick, 478 U.S. 186, 199, 106 S. Ct. 2841, 2848 (1986) (Blackmun, J., dissenting) ("Like Justice Holmes, I believe that '[i]t is revolting to have no better reason for a rule of law than that so it was laid down in the time of Henry IV. It is still more revolting if the grounds upon which it was laid down have vanished long since, and the rule simply persists from blind imitation of the past.'" Holmes, The Path of the Law, 10 Harv.L.Rev. 457, 469 (1897)). Upon review of the record, including counsel's itemized hours worked, the Court finds that the total number of hours expended by the plaintiff's counsel in this action, 73.6, is not excessive and the hourly rates of $185.97 for 2011, and $189.56 for 2012, are reasonable and appropriate.

## CONCLUSION

For the foregoing reasons, the plaintiff's motion for attorney's fees in the amount of $13,758, Docket Entry No. 31, is granted.

Dated: New York, New York
       May 3, 2021

SO ORDERED:

*Kevin Nathaniel Fox*
KEVIN NATHANIEL FOX
UNITED STATES MAGISTRATE JUDGE